FILED
January 09, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003197240

No. pages *23*

THOMAS E. MAY

CHAPTER 7 TRUSTEE

5098 FOOTHILLS BLVD. 3-484

ROSEVILLE, CA 95747

(916) 740-4329

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### Sacramento Division

In re:

COHEN, DAVID S.

COHEN, KAREN L.

,Debtor

**CASE NO. 10-26374-A-7**

DCN: TEM-01
DATE: February 22, 2011
TIME: 10:00 a.m.
DEPT: A, Courtroom 28, Seventh Floor
JUDGE: MICHAEL S. MCMANUS

## TRUSTEE'S MOTION TO SELL THE ESTATE'S INTEREST IN REAL PROPERTY FREE AND CLEAR OF LIENS

Thomas E. May, Bankruptcy Trustee herein, respectfully represents:

1. COHEN, DAVID S. and and COHEN, KAREN L.("Debtor") filed a Chapter 7 petition on 03/15/10.

2. Thomas E. May has been appointed the Chapter 7 Trustee herein.

3. The Debtor has listed in his amended bankruptcy schedules, Schedule A, an interest in a residence at 5301 Grassy Run Rd., Placerville, CA. 95667 with an estimated value of $290,000.00. The Debtor has exempted zero ($0.00) for this asset.

*(1)*

4. The Trustee has investigated this asset and has determined its interest in real property ("real property") as described by debtor.

5. The Trustee believes that the "real property" selling price is worth $390,000.00 based on recent comparable sales. Given such economics after normal real estate commission, secured lien holder demands, and other closing costs, an interest in the real property should yield net proceeds of $15,000.00 (see Addendum 1).

6. The Trustee has received an offer from Jennifer Hermreck ("Buyer") (see Addendum2) to purchase the estate' interest in the property for $390,000.00. The offer is subject to any and all liens currently filed against the property. The Trustee believes that a $390,000.00 offer is in the best interest of this bankruptcy estate. This transaction is subject to overbid in the incremental amount of at least $1,000.00 or as the U.S. Bankruptcy Court directs.

7. Any escrow, title and other closing costs for this transaction shall split 50/50 by the buyer and the estate.

**WHEREFORE,** Thomas E. May respectfully requests:

1. This Court approve the sale of the estate's interest in real property located at 5301 Grassy Run Rd. Placerville, CA. 95667 subject to any and all filed liens currently filed against the real property to Jennifer Hermreck for $390,000.00.

2. For such other and further relief as the court deems appropriate.

DATED: January 8, 2011

Thomas E. May
Chapter 7 Trustee

(2)

Jan-11

| | | |
|---|---|---|
| Current Marketable Price | | 390,000.00 |
| less selling commission and title exp. 7% | | 27,300.00 |
| less lienholders balance | | 335,000.00 |
| less Homeowners Assn. fees | | 2,300.00 |
| less Property Tax | | 2,600.00 |
| less Heat Pump repair maximum | | 2,000.00 |
| less Septic tank Inspection fee | | 1,200.00 |
| Possible estate proceeds | | 19,600.00 |
| Trustees admin fee | | 4,400.00 |
| Capital Gain Tax on Basis | 425,000.00 | 0.00 |
| net proceeds to estate creditors | | 15,200.00 |

| | |
|---|---|
| Cost of Land | 75,000.00 |
| Cost of House to debtor | 350,000.00 |
| Prior Depreciation | - |
| Basis for Capital Gain calculation | 425,000.00 |



ADDENDUM 2



# CALIFORNIA ASSOCIATION OF REALTORS®

## DISCLOSURE REGARDING
## REAL ESTATE AGENCY RELATIONSHIP
(Selling Firm to Buyer)
(As required by the Civil Code)
(C.A.R. Form AD, Revised 11/09)

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

### SELLER'S AGENT

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

### BUYER'S AGENT

A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.
An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

### AGENT REPRESENTING BOTH SELLER AND BUYER

A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.
In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
   (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
   (b) Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.
The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.
Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction.
**This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully.**
**I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).**

☒ Buyer ☐ Seller ☐ Landlord ☐ Tenant _Jennifer Hermreck_    Date _1/2/11_

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____    Date _____

Agent _Coldwell Banker_    DRE Lic. # _00313415_
      Real Estate Broker (Firm)
By _____ DRE Lic.# _01395619_    Date _1/2/11_
   (Salesperson or Broker-Associate) _Carla Layton_

---

AGENCY DISCLOSURE COMPLIANCE (Civil Code §2079.14):
- When the listing brokerage company also represents Buyer/Tenant: The Listing Agent shall have one AD form signed by Seller/Landlord and a different AD form signed by Buyer/Tenant.
- When Seller/Landlord and Buyer/Tenant are represented by different brokerage companies: (i) the Listing Agent shall have one AD form signed by Seller/Landlord and (ii) the Buyer's/Tenant's Agent shall have one AD form signed by Buyer/Tenant and either that same or a different AD form presented to Seller/Landlord for signature prior to presentation of the offer. If the same form is used, Seller may sign here: _1/3/11_

Seller/Landlord _____ Date _____
_Thomas E. May, Trustee_
Seller/Landlord _____ Date _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

(4)

Reviewed by _____ Date _____



AD REVISED 11/09 (PAGE 1 OF 2)

## DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)

| Agent: Carla Layton | Phone: 916.580.8018 | Fax: 916.625.1020 | Prepared using zipForm® software |
|---|---|---|---|
| Broker: Coldwell Banker Northern California 1000 Sunset Blvd., Suite 190 Rocklin, CA 95765 | | | |

# CIVIL CODE SECTIONS 2079.13 THROUGH 2079.24 (2079.16 APPEARS ON THE FRONT)

**2079.13** As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings:
**(a)** "Agent" means a person acting under provisions of title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. **(b)** "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee. The agent in the real property transaction bears responsibility for his or her associate licensees who perform as agents of the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions. **(c)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee. **(d)** "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer. **(f)** "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a selling agent which becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property which constitutes or is improved with one to four dwelling units, any leasehold in this type of property exceeding one year's duration, and mobile homes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(m)** "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor. **(n)** "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller. **(o)** "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.

---

**2079.14** Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgement of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows: **(a)** The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. **(b)** The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the selling agent previously provided the seller with a copy of the disclosure form pursuant to subdivision (a). **(c)** Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgement of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgement of receipt is required. **(d)** The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.

**2079.15** In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.

**2079.16** Reproduced on Page 1 of this AD form.

**2079.17 (a)** As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller.
**(c)** The confirmation required by subdivisions (a) and (b) shall be in the following form.

**(DO NOT COMPLETE. SAMPLE ONLY)** _____ is the agent of (check one): ☐ the seller exclusively; or ☐ both the buyer and seller.
(Name of Listing Agent)

**(DO NOT COMPLETE. SAMPLE ONLY)** _____ is the agent of (check one): ☐ the buyer exclusively; or ☐ the seller exclusively; or
(Name of Selling Agent if not the same as the Listing Agent) ☐ both the buyer and seller.

**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14.

**2079.18** No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.

**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

**2079.21** A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the seller that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer. This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

**2079.22** Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.

**2079.23** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**AD REVISED 11/09 (PAGE 2 OF 2)**

(5)

Buyer's/Tenant's Initials ( ) ( )
Seller's/Landlord Initials ( ) ( )

| Reviewed by | Date |

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)**

Hemrock_GrassyR



CALIFORNIA
ASSOCIATION
OF REALTORS®

# DISCLOSURE AND CONSENT FOR
# REPRESENTATION OF MORE THAN ONE
# BUYER OR SELLER
### (C.A.R. Form DA, 11/06)

A real estate broker, whether a corporation, partnership or sole proprietorship, ("Broker") may represent more than one buyer or seller provided the Broker has made a disclosure and the principals have given their consent. This multiple representation can occur through an individual licensed as a broker or through different associate licensees acting for the Broker. The associates licensees may be working out of the same or different office locations.

Broker (individually or through its associate licensees) may be working with many prospective buyers at the same time. These prospective buyers may have an interest in, and make offers on, the same properties. Some of these properties may be listed with Broker and some may not. Broker will not limit or restrict any particular buyer from making an offer on any particular property whether or not Broker represents other buyers interested in the same property.

Broker (individually or through its associate licensees) may have listings on many properties at the same time. As a result, Broker will attempt to find buyers for each of those listed properties. Some listed properties may appeal to the same prospective buyers. Some properties may attract more prospective buyers than others. Some of these prospective buyers may be represented by Broker and some may not. Broker will market all listed properties to all prospective buyers whether or not Broker has another or other listed properties that may appeal to the same prospective buyers.

Buyer and Seller understand that Broker may represent more than one buyer or seller and even both buyer and seller on the same transaction

If Seller is represented by Broker, Seller acknowledges that Broker may represent prospective buyers of Seller's property and consents to Broker acting as a dual agent for both Seller and Buyer in that transaction.

If Buyer is represented by Broker, Buyer acknowledges that Broker may represent sellers of property that Buyer is interested in acquiring and consents to Broker acting as a dual agent for both Buyer and Seller with regard to that property.

In the event of dual agency, Seller and Buyer agree that: (a) Broker, without the prior written consent of the Buyer, will not disclose to Seller that the Buyer is willing to pay a price greater than the offered price; (b) Broker, without the prior written consent of the Seller, will not disclose to the Buyer that Seller is willing to sell property at a price less than the listing price; and (c) other than as set forth in (a) and (b) above, a Dual Agent is obligated to disclose known facts materially affecting the value or desirability of the property to both parties.

**NON CONFIDENTIALITY OF OFFERS:** Buyer is advised that Seller or Listing Agent may disclose the existence, terms, or conditions of Buyer's offer unless all parties and their agent have signed a written confidentiality agreement. Whether any such information is actually disclosed depends on many factors, such as current market conditions, the prevailing practice in the real estate community, the Listing Agent's marketing strategy and the instructions of the Seller.

**Seller and/or Buyer acknowledges reading and understanding this Disclosure and Consent for Representation of More than One Buyer or Seller and agree to the dual agency possibility disclosed.**

☐ Seller ☒ Buyer ___Jennifer Hermreck___ Date _1/2/11_
Jennifer Hermreck

☐ Seller ☐ Buyer _____ Date _1/2/11_

Real Estate Broker (Firm) _Coldwell Banker_ Date _1/2/11_

By ___Carla Layton___
Carla Layton

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright© 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

_(b)_

| Reviewed by | Date |
|---|---|

**DA 11/06 (PAGE 1 OF 1)**

### REPRESENTATION OF MORE THAN ONE BUYER OR SELLER (DA PAGE 1 OF 1)

Agent: Carla Layton          Phone: 916.580.8018          Fax: 916.625.1020          Prepared using zipForm® software
Broker: Coldwell Banker Northern California 1000 Sunset Blvd., Suite 100 Rocklin, CA 95765



**CALIFORNIA ASSOCIATION OF REALTORS®**

# CALIFORNIA
# RESIDENTIAL PURCHASE AGREEMENT
# AND JOINT ESCROW INSTRUCTIONS
### For Use With Single Family Residential Property — Attached or Detached
(C.A.R. Form RPA-CA, Revised 4/10)

Date _January 2, 2011_

1. **OFFER:**
   A. **THIS IS AN OFFER FROM** _____ _Jennifer Hermreck,_ _____ ("Buyer").
   B. **THE REAL PROPERTY TO BE ACQUIRED** is described as _5301 Grassy Run Road, Placerville CA 95667_
   _____ , Assessor's Parcel No. _319-050-22-10_ _____, situated in
   _____ _Placerville_ _____ , County of _____ _El Dorado_ ____ , California, ("Property").
   C. **THE PURCHASE PRICE** offered is _Three Hundred Fifty Thousand_
   _____ (Dollars $ _350,000.00_ ).
   D. **CLOSE OF ESCROW** shall occur on _____ (date) (or ☒ __65__ Days After Acceptance).
2. **AGENCY:**
   A. **DISCLOSURE:** Buyer and Seller each acknowledge prior receipt of a "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).
   B. **POTENTIALLY COMPETING BUYERS AND SELLERS:** Buyer and Seller each acknowledge receipt of a disclosure of the possibility of multiple representation by the Broker representing that principal. This disclosure may be part of a listing agreement, buyer representation agreement or separate document (C.A.R. Form DA). Buyer understands that Broker representing Buyer may also represent other potential buyers, who may consider, make offers on or ultimately acquire the Property. Seller understands that Broker representing Seller may also represent other sellers with competing properties of interest to this Buyer.
   C. **CONFIRMATION:** The following agency relationships are hereby confirmed for this transaction:
   Listing Agent _____ _Lyon RE Cameron Park_ _____ (Print Firm Name) is the agent
   of (check one): ☒ the Seller exclusively; or ☐ both the Buyer and Seller.
   Selling Agent _____ _Coldwell Banker_ _____ (Print Firm Name) (if not the same as the
   Listing Agent) is the agent of (check one): ☒ the Buyer exclusively; or ☐ the Seller exclusively; or ☐ both the Buyer and Seller. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
3. **FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Deposit shall be in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ _____ _5,000.00_
      (1) Buyer shall deliver deposit directly to Escrow Holder by personal check, ☐ electronic funds transfer,☐ Other _____ within 3 business days after acceptance (or ☐ Other _____ ):
      OR (2) (If checked) ☒ Buyer has given the deposit by personal check (or ☐ _____ )
      to the agent submitting the offer (or to ☐ _____ ),
      made payable to _____ _Old Republic Title_ _____ . The deposit shall be held
      uncashed until Acceptance and then deposited with Escrow Holder (or ☐ into Broker's trust account) within 3
      business days after Acceptance (or ☐ Other _____ ).
   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of . . . . . . . . . .$ _____ _12,500.00_
      within _____ Days After Acceptance, or ☒ _Upon court approval_ _____ .
      If a liquidated damages clause is incorporated in this Agreement, Buyer and Seller shall sign a separate
      liquidated damages clause (C.A.R. Form RID) for any increased deposit at the time it is deposited.
   C. **LOAN(S):**
      (1) **FIRST LOAN:** in the amount of. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ _____ _337,750.00_
      This loan will be conventional financing or, if checked, ☒ FHA, ☐ VA, ☐ Seller (C.A.R. Form SFA),
      ☐ assumed financing (C.A.R. Form PAA), ☐ Other _____ . This loan shall be at a fixed
      rate not to exceed __5.000__ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %.
      Regardless of the type of loan, Buyer shall pay points not to exceed __1.00__ % of the loan amount.
      (2) ☐ **SECOND LOAN:** in the amount of. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ _____
      This loan will be conventional financing or, if checked, ☐ Seller (C.A.R. Form SFA), ☐ assumed financing
      (C.A.R. Form PAA), ☐ Other _____ . This loan shall be at a fixed rate not to exceed
      _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %. Regardless of
      the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      (3) **FHA/VA:** For any FHA or VA loan specified above, Buyer has 17 (or ☐ _____ ) Days After Acceptance
      to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that Buyer
      requests Seller to pay for or repair. Seller has no obligation to pay for repairs or satisfy lender requirements
      unless otherwise agreed in writing.
   D. **ADDITIONAL FINANCING TERMS:** _Buyer is using Streamline 203k FHA Rehab loan._ _____
   E. **BALANCE OF PURCHASE PRICE OR DOWN PAYMENT:** In the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ _____ _(5,250.00)_
      to be deposited with Escrow Holder within sufficient time to close escrow.
   F. **PURCHASE PRICE (TOTAL):** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ _____ _350,000.00_

Buyer's Initials ( _____ ) ( _____ )

Seller's Initials ( _____ ) ( _____ )

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

**RPA-CA REVISED 4/10 (PAGE 1 OF 8)**

Reviewed by _____ Date _____

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 1 OF 8)**

Agent: Carla Layton          Phone: 916.580.8018          Fax: 916.625.1020          Prepared using zipForm® software
Broker: Coldwell Banker Northern California 1000 Sunset Blvd., Suite 190 Rocklin, CA 95765

**G. VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to 3H(1)) shall, within 7 (or ☐ _____ ) Days After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. (If checked, ☐ verification attached.)

**H. LOAN TERMS:**

(1) **LOAN APPLICATIONS:** Within 7 (or ☒ ___1___ ) Days After Acceptance, Buyer shall Deliver to Seller a letter from lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for any NEW loan specified in 3C above. (If checked, ☒ letter attached.)

(2) **LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Obtaining the loan(s) specified above **is a contingency** of this Agreement unless otherwise agreed in writing. Buyer's contractual obligations to obtain and provide deposit, balance of down payment and closing costs are **not contingencies** of this Agreement.

(3) **LOAN CONTINGENCY REMOVAL:**

(i) Within 17 (or ☒ ___45___ ) Days After Acceptance, Buyer shall, as specified in paragraph 14, in writing remove the loan contingency or cancel this Agreement;

OR (ii) *(if checked)* ☐ the loan contingency shall remain in effect until the designated loans are funded.

(4) ☐ **NO LOAN CONTINGENCY** (If checked): Obtaining any loan specified above is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result Buyer does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.

**I. APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is (or, if checked, ☐ is NOT) contingent upon a written appraisal of the Property by a licensed or certified appraiser at no less than the specified purchase price. If there is a loan contingency, Buyer's removal of the loan contingency shall be deemed removal of this appraisal contingency (or, ☐ if checked, Buyer shall, as specified in paragraph 14B(3), in writing remove the appraisal contingency or cancel this Agreement within 17 (or _____ ) Days After Acceptance). If there is no loan contingency, Buyer shall, as specified in paragraph 14B(3), in writing remove the appraisal contingency or cancel this Agreement within 17 (or _____ ) Days After Acceptance.

**J.** ☐ **ALL CASH OFFER** (If checked): Buyer shall, within 7 (or ☐ _____ ) Days After Acceptance, Deliver to Seller written verification of sufficient funds to close this transaction. (If checked, ☐ verification attached.)

**K. BUYER STATED FINANCING:** Seller has relied on Buyer's representation of the type of financing specified (including but not limited to, as applicable, amount of down payment, contingent or non contingent loan, or all cash). If Buyer seeks alternate financing, (i) Seller has no obligation to cooperate with Buyer's efforts to obtain such financing, and (ii) Buyer shall also pursue the financing method specified in this Agreement. Buyer's failure to secure alternate financing does not excuse Buyer from the obligation to purchase the Property and close escrow as specified in this Agreement.

**4. ALLOCATION OF COSTS (If checked):** Unless otherwise specified in writing, **this paragraph only determines who is to pay for the inspection, test or service ("Report") mentioned; it does not determine who is to pay for any work recommended or identified in the Report.**

**A. INSPECTIONS AND REPORTS:**

(1) ☐ Buyer ☐ Seller shall pay for an inspection and report for wood destroying pests and organisms ("Wood Pest Report") prepared by _____ a registered structural pest control company.

(2) ☐ Buyer ☒ Seller shall pay to have septic or private sewage disposal systems pumped and inspected _____ .

(3) ☐ Buyer ☐ Seller shall pay to have domestic wells tested for water potability and productivity _____ .

(4) ☐ Buyer ☒ Seller shall pay for a natural hazard zone disclosure report prepared by *Property ID* _____ .

(5) ☐ Buyer ☐ Seller shall pay for the following inspection or report _____ .

(6) ☐ Buyer ☐ Seller shall pay for the following inspection or report _____ .

**B. GOVERNMENT REQUIREMENTS AND RETROFIT:**

(1) ☐ Buyer ☒ Seller shall pay for smoke detector installation and/or water heater bracing, if required by Law. Prior to Close Of Escrow, Seller shall provide Buyer written statement(s) of compliance in accordance with state and local Law, unless exempt.

(2) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards, inspections and reports if required as a condition of closing escrow under any Law. _____ .

**C. ESCROW AND TITLE:**

(1) ☐ Buyer ☒ Seller shall pay escrow fee _____
Escrow Holder shall be *Old Republic Title* _____

(2) ☐ Buyer ☒ Seller shall pay for owner's title insurance policy specified in paragraph 12E _____
Owner's title policy to be issued by *Old Republic Title* _____
(Buyer shall pay for any title insurance policy insuring Buyer's lender, unless otherwise agreed in writing.)

**D. OTHER COSTS:**

(1) ☐ Buyer ☒ Seller shall pay County transfer tax or fee _____ .

(2) ☐ Buyer ☐ Seller shall pay City transfer tax or fee _____ .

(3) ☐ Buyer ☒ Seller shall pay Homeowner's Association ("HOA") transfer fee _____ .

(4) ☐ Buyer ☒ Seller shall pay HOA document preparation fees _____ .

(5) ☐ Buyer ☐ Seller shall pay for any private transfer fee _____ .

(6) ☐ Buyer ☒ Seller shall pay the cost, not to exceed $ *355.00* _____ , of a one-year home warranty plan, issued by *American Home Shield* _____ , with the following optional coverages:
☒ Air Conditioner ☐ Pool/Spa ☐ Code and Permit upgrade ☒ Other: *Flex-Combo* _____ .
Buyer is informed that home warranty plans have many optional coverages in addition to those listed above. Buyer is advised to investigate these coverages to determine those that may be suitable for Buyer.

(7) ☐ Buyer ☐ Seller shall pay for _____ .

(8) ☐ Buyer ☐ Seller shall pay for _____ .

Buyer's Initials ( _____ )( _____ )

(8)

Seller's Initials ( _____ )( _____ )

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**RPA-CA REVISED 4/10 (PAGE 2 OF 8)**

Reviewed by _____ Date _____

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 2 OF 8)**

Hermreck_GrassyR

Property Address: *5301 Grassy Run Road*
*Placerville, CA  95667*                                    Date: *January 2, 2011*

5. **CLOSING AND POSSESSION:**
   A. Buyer intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.
   B. Seller-occupied or vacant property: Possession shall be delivered to Buyer at 5 PM or ( ☐ _____ ☐ AM ☐ PM), on the date of Close Of Escrow; ☐ on _____ ; or ☐ no later than _____ Days After Close Of Escrow. If transfer of title and possession do not occur at the same time, Buyer and Seller are advised to: (i) enter into a written occupancy agreement (C.A.R. Form PAA, paragraph 2); and (ii) consult with their insurance and legal advisors.
   C. Tenant-occupied property:
      (i) Property shall be vacant at least 5 (or ☐ _____ ) Days Prior to Close Of Escrow, unless otherwise agreed in writing. Note to Seller: If you are unable to deliver Property vacant in accordance with rent control and other applicable Law, you may be in breach of this Agreement.
      OR (ii) (if checked) ☐ Tenant to remain in possession. (C.A.R. Form PAA, paragraph 3)
   D. At Close Of Escrow, (i) Seller assigns to Buyer any assignable warranty rights for items included in the sale, and (ii) Seller shall Deliver to Buyer available Copies of warranties. Brokers cannot and will not determine the assignability of any warranties.
   E. At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys and/or means to operate all locks, mailboxes, security systems, alarms and garage door openers. If Property is a condominium or located in a common interest subdivision, Buyer may be required to pay a deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.

6. **STATUTORY DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:**
   A. (1) Seller shall, within the time specified in paragraph 14A, Deliver to Buyer, if required by Law: (i) Federal Lead-Based Paint Disclosures (C.A.R. Form FLD) and pamphlet ("Lead Disclosures"); and (ii) disclosures or notices required by sections 1102 et. seq. and 1103 et. seq. of the Civil Code ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act and Improvement Bond Act of 1915) and, if Seller has actual knowledge, of industrial use and military ordinance location (C.A.R. Form SPQ or SSD).
      (2) Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory and Lead Disclosures to Seller.
      (3) In the event Seller, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. However, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies of which Buyer is otherwise aware, or which are disclosed in reports provided to or obtained by Buyer or ordered and paid for by Buyer.
      (4) If any disclosure or notice specified in 6A(1), or subsequent or amended disclosure or notice is Delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within 3 Days After Delivery in person, or 5 Days After Delivery by deposit in the mail, by giving written notice of cancellation to Seller or Seller's agent.
      (5) Note to Buyer and Seller: Waiver of Statutory and Lead Disclosures is prohibited by Law.
   B. NATURAL AND ENVIRONMENTAL HAZARDS: Within the time specified in paragraph 14A, Seller shall, if required by Law: (i) Deliver to Buyer earthquake guides (and questionnaire) and environmental hazards booklet; (ii) even if exempt from the obligation to provide a NHD, disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; Seismic Hazard Zone; and (iii) disclose any other zone as required by Law and provide any other information required for those zones.
   C. WITHHOLDING TAXES: Within the time specified in paragraph 14A, to avoid required withholding, Seller shall Deliver to Buyer or qualified substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law. (C.A.R. Form AS or QS).
   D. MEGAN'S LAW DATABASE DISCLOSURE: Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)

7. **CONDOMINIUM/PLANNED DEVELOPMENT DISCLOSURES:**
   A. SELLER HAS: 7 (or ☐ _____ ) Days After Acceptance to disclose to Buyer whether the Property is a condominium, or is located in a planned development or other common interest subdivision (C.A.R. Form SPQ or SSD).
   B. If the Property is a condominium or is located in a planned development or other common interest subdivision, Seller has 3 (or ☐ _____ ) Days After Acceptance to request from the HOA (C.A.R. Form HOA): (i) Copies of any documents required by Law; (ii) disclosure of any pending or anticipated claim or litigation by or against the HOA; (iii) a statement containing the location and number of designated parking and storage spaces; (iv) Copies of the most recent 12 months of HOA minutes for regular and special meetings; and (v) the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). Seller shall itemize and Deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 14B(3).

8. **ITEMS INCLUDED IN AND EXCLUDED FROM PURCHASE PRICE:**
   A. NOTE TO BUYER AND SELLER: Items listed as included or excluded in the MLS, flyers or marketing materials are not included in the purchase price or excluded from the sale unless specified in 8B or C.
   B. ITEMS INCLUDED IN SALE:
      (1) All EXISTING fixtures and fittings that are attached to the Property;
      (2) EXISTING electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, private integrated telephone systems, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water softeners, water purifiers, security systems/alarms; (if checked☒ stove(s), ☐ refrigerator(s); and
      (3) The following additional items: _____
      (4) Seller represents that all items included in the purchase price, unless otherwise specified, are owned by Seller.
      (5) All items included shall be transferred free of liens and without Seller warranty.
   C. ITEMS EXCLUDED FROM SALE: Unless otherwise specified, audio and video components (such as flat screen TVs and speakers) are excluded if any such item is not itself attached to the Property, even if a bracket or other mechanism attached to the component is attached to the Property; and

Buyer's Initials ( _____ ) ( _____ )                    Seller's Initials ( _____ ) ( _____ )

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**RPA-CA REVISED 4/10 (PAGE 3 OF 8)**

Reviewed by _____ Date _____

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 3 OF 8)**          Hermreck_GrassyR

Property Address: *5301 Grassy Run Road Placerville, CA 95667*    Date: *January 2, 2011*

9. **CONDITION OF PROPERTY:** Unless otherwise agreed: (i) the Property is sold (a) in its PRESENT physical ("as-is") condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; (ii) the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and (iii) all debris and personal property not included in the sale shall be removed by Seller by Close Of Escrow.

   A. Seller shall, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, and make any and all other disclosures required by law.

   B. Buyer has the right to inspect the Property and, as specified in paragraph 14B, based upon information discovered in those inspections: (i) cancel this Agreement; or (ii) request that Seller make Repairs or take other action.

   C. Buyer is strongly advised to conduct investigations of the entire Property in order to determine its present condition. Seller may not be aware of all defects affecting the Property or other factors that Buyer considers important. Property improvements may not be built according to code, in compliance with current Law, or have had permits issued.

10. **BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**

   A. Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to, the right to: (i) inspect for lead-based paint and other lead-based paint hazards; (ii) inspect for wood destroying pests and organisms; (iii) review the registered sex offender database; (iv) confirm the insurability of Buyer and the Property; and (v) satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA). Without Seller's prior written consent, Buyer shall neither make nor cause to be made: (i) invasive or destructive Buyer Investigations; or (ii) inspections by any governmental building or zoning inspector or government employee, unless required by Law.

   B. Seller shall make the Property available for all Buyer Investigations. Buyer shall (i) as specified in paragraph 14B, complete Buyer Investigations and, either remove the contingency or cancel this Agreement, and (ii) give Seller, at no cost, complete Copies of all Investigation reports obtained by Buyer, which obligation shall survive the termination of this Agreement.

   C. Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession is made available to Buyer.

   D. Buyer indemnity and Seller protection for entry upon property: Buyer shall: (i) keep the Property free and clear of liens; (ii) repair all damage arising from Buyer Investigations; and (iii) indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs of Buyer's investigations. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination or cancellation of this Agreement and Close of Escrow.

11. **SELLER DISCLOSURES; ADDENDA; ADVISORIES; OTHER TERMS:**

   A. <u>Seller Disclosures (if checked):</u> Seller shall, within the time specified in paragraph 14A, complete and provide Buyer with a:
      ☐ Seller Property Questionnaire (C.A.R. Form SPQ)    **OR**    ☐ Supplemental Contractual and Statutory Disclosure (C.A.R. Form SSD)

   B. <u>Addenda (if checked):</u>    ☐ Addendum #_____ (C.A.R. Form ADM)
      ☐ Wood Destroying Pest Inspection and Allocation of Cost Addendum (C.A.R. Form WPA)
      ☐ Purchase Agreement Addendum (C.A.R. Form PAA)    ☒ Septic, Well and Property Monument Addendum (C.A.R. Form SWPI)
      ☐ Short Sale Addendum (C.A.R. Form SSA)    ☐ Other

   C. <u>Advisories (if checked):</u>    ☑ Buyer's Inspection Advisory (C.A.R. Form BIA)
      ☐ Probate Advisory (C.A.R. Form PAK)    ☐ Statewide Buyer and Seller Advisory (C.A.R. Form SBSA)
      ☐ Trust Advisory (C.A.R. Form TA)    ☐ REO Advisory (C.A.R. Form REO)

   D. **Other Terms:** *Seller to fully refund all inspection & appraisal costs to buyer if buyer's bid is not won @ court hearing. Court hearing to take place 50 days after acceptance of this contract.*

12. **TITLE AND VESTING:**

   A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary title report, which shall include a search of the General Index. Seller shall within 7 Days After Acceptance give Escrow Holder a completed Statement of Information. The preliminary report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the preliminary report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B.

   B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except: (i) monetary liens of record unless Buyer is assuming those obligations or taking the Property subject to those obligations; and (ii) those matters which Seller has agreed to remove in writing.

   C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.

   D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.

   E. Buyer shall receive a CLTA/ALTA Homeowner's Policy of Title Insurance. A title company, at Buyer's request, can provide information about the availability, desirability, coverage, survey requirements, and cost of various title insurance coverages and endorsements. If Buyer desires title coverage other than that required by this paragraph, Buyer shall instruct Escrow Holder in writing and pay any increase in cost.

13. **SALE OF BUYER'S PROPERTY:**

   A. This Agreement is NOT contingent upon the sale of any property owned by Buyer.

   OR B. ☐ (If checked): The attached addendum (C.A.R. Form COP) regarding the contingency for the sale of property owned by Buyer is incorporated into this Agreement.

Buyer's Initials ( _____ ) ( _____ )

Seller's Initials ( _____ ) ( _____ )

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC
**RPA-CA REVISED 4/10 (PAGE 4 OF 8)**

Reviewed by _____ Date _____

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 4 OF 8)**    Hemreck_GrassyR

**14. TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS:** The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).

**A. SELLER HAS:** 7 (or ☐ _____ ) Days After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 4, 6A, B and C, 7A, 9A, 11A and B, and 12. Buyer may give Seller a Notice to Seller to Perform (C.A.R. Form NSP) if Seller has not Delivered the items within the time specified.

**B. (1) BUYER HAS:** 17 (or ☐ _____ ) Days After Acceptance, unless otherwise agreed in writing, to:
(i) complete all Buyer Investigations; approve all disclosures, reports and other applicable information, which Buyer receives from Seller; and approve all other matters affecting the Property; and
(ii) Deliver to Seller Signed Copies of Statutory and Lead Disclosures Delivered by Seller in accordance with paragraph 6A.
(2) Within the time specified in 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to Buyer's requests.
(3) Within the time specified in 14B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller either (i) a removal of the applicable contingency (C.A.R. Form CR), or (ii) a cancellation (C.A.R. Form CC) of this Agreement based upon a contingency or Seller's failure to Deliver the specified items. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in 14A, then Buyer has 5 (or ☐ _____ ) Days After Delivery of any such items, or the time specified in 14B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.
(4) **Continuation of Contingency:** Even after the end of the time specified in 14B(1) and before Seller cancels this Agreement, if at all, pursuant to 14C, Buyer retains the right to either (i) in writing remove remaining contingencies, or (ii) cancel this Agreement based upon a remaining contingency or Seller's failure to Deliver the specified items. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to 14C(1).

**C. SELLER RIGHT TO CANCEL:**
(1) **Seller right to Cancel; Buyer Contingencies:** If, within time specified in this Agreement, Buyer does not, in writing, Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP) may cancel this Agreement. In such event, Seller shall authorize return of Buyer's deposit.
(2) **Seller right to Cancel; Buyer Contract Obligations:** Seller, after first Delivering to Buyer a NBP may cancel this Agreement for any of the following reasons: (i) if Buyer fails to deposit funds as required by 3A or 3B; (ii) if the funds deposited pursuant to 3A or 3B are not good when deposited; (iii) if Buyer fails to Deliver a notice of FHA or VA costs or terms as required by 3C(3) (C.A.R. Form FVA); (iv) if Buyer fails to Deliver a letter as required by 3H; (v) if Buyer fails to Deliver verification as required by 3G or 3J; (vi) if Seller reasonably disapproves of the verification provided by 3G or 3J; (vii) if Buyer fails to sign or initial a separate liquidated damage form for an increased deposit as required by paragraphs 3B and 25. In such event, Seller shall authorize return of Buyer's deposit.
(3) **Notice To Buyer To Perform:** The NBP shall: (i) be in writing; (ii) be signed by Seller; and (iii) give Buyer at least 2 (or ☐ _____ ) Days After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP may not be Delivered any earlier than 2 Days Prior to the expiration of the applicable time for Buyer to remove a contingency or cancel this Agreement or meet an obligation specified in 14C(2).

**D. EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in a separate written agreement between Buyer and Seller, Buyer shall with regard to that contingency or cancellation right conclusively be deemed to have: (i) completed all Buyer Investigations, and review of reports and other applicable information and disclosures; (ii) elected to proceed with the transaction; and (iii) assumed all liability, responsibility and expense for Repairs or corrections or for inability to obtain financing.

**E. CLOSE OF ESCROW:** Before Seller or Buyer may cancel this Agreement for failure of the other party to close escrow pursuant to this Agreement, Seller or Buyer must first give the other a demand to close escrow (C.A.R. Form DCE).

**F. EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, Buyer and Seller agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. Release of funds will require mutual Signed release instructions from Buyer and Seller, judicial decision or arbitration award. A Buyer or Seller may be subject to a civil penalty of up to $1,000 for refusal to sign such instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).

**15. REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: (i) obtain receipts for Repairs performed by others; (ii) prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and (iii) provide Copies of receipts and statements to Buyer prior to final verification of condition.

**16. FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final inspection of the Property within 5 (or _____ ) Days Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: (i) the Property is maintained pursuant to paragraph 9; (ii) Repairs have been completed as agreed; and (iii) Seller has complied with Seller's other obligations under this Agreement (C.A.R. Form VP).

**17. PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are a current lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are a current lien but not yet due. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: (i) for periods after Close Of Escrow, by Buyer; and (ii) for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT or SBSA for further information). TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

Buyer's Initials ( _____ )( _____ )

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**RPA-CA REVISED 4/10 (PAGE 5 OF 8)**

Seller's Initials ( _____ )( _____ )

Reviewed by _____ Date _____

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 5 OF 8)**

Hermreck_GrassyR

**18. SELECTION OF SERVICE PROVIDERS:** Brokers do not guarantee the performance of any vendors, service or product providers ("Providers"), whether referred by Broker or selected by Buyer, Seller or other person. Buyer and Seller may select ANY Providers of their own choosing.

**19. MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the sales price and other terms of this transaction shall be provided to the MLS to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.

**20. EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.

**21. ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 26A.

**22. DEFINITIONS:** As used in this Agreement:

    **A.** "Acceptance" means the time the offer or final counter offer is accepted in writing by a party and is delivered to and personally received by the other party or that party's authorized agent in accordance with the terms of this offer or a final counter offer.

    **B.** "C.A.R. Form" means the specific form referenced or another comparable form agreed to by the parties.

    **C.** "Close Of Escrow" means the date the grant deed, or other evidence of transfer of title, is recorded.

    **D.** "Copy" means copy by any means including photocopy, NCR, facsimile and electronic.

    **E.** "Days" means calendar days. However, After Acceptance, the last Day for performance of any act required by this Agreement (including Close Of Escrow) shall not include any Saturday, Sunday, or legal holiday and shall instead be the next Day.

    **F.** "Days After" means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59PM on the final day.

    **G.** "Days Prior" means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.

    **H.** "Deliver", "Delivered" or "Delivery", regardless of the method used (i.e. messenger, mail, email, fax, other), means and shall be effective upon (i) personal receipt by Buyer or Seller or the individual Real Estate Licensee for that principal as specified in paragraph D of the section titled Real Estate Brokers on page 8; OR (ii) if checked, ☐ per the attached addendum (C.A.R. Form RDN).

    **I.** "Electronic Copy" or "Electronic Signature" means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other party.

    **J.** "Law" means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.

    **K.** "Repairs" means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.

    **L.** "Signed" means either a handwritten or electronic signature on an original document, Copy or any counterpart.

**23. BROKER COMPENSATION:** Seller or Buyer, or both, as applicable, agrees to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as otherwise specified in the agreement between Broker and that Seller or Buyer.

**24. JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**

    **A.** The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder, which Escrow Holder is to use along with any related counter offers and addenda, and any additional mutual instructions to close the escrow: 1, 3, 4, 6C, 11B and D, 12, 13B, 14F, 17, 22, 23, 24, 28, 30, and paragraph D of the section titled Real Estate Brokers on page 8. If a Copy of the separate compensation agreement(s) provided for in paragraph 23, or paragraph D of the section titled Real Estate Brokers on page 8 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out of Buyer's or Seller's funds, or both, as applicable, the respective Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not specifically referenced above, in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions directly from Escrow Holder and will execute such provisions upon Escrow Holder's request. To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow.

    **B.** A Copy of this Agreement shall be delivered to Escrow Holder within 3 business days after Acceptance (or ☐ _____
_____ ). Escrow Holder shall provide Seller's Statement of Information to Title company when received from Seller. Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement.

    **C.** Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraphs 23 and paragraph D of the section titled Real Estate Brokers on page 8. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraphs 23, respectively, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall release and hold harmless Escrow Holder from any liability resulting from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement. Escrow Holder shall immediately notify Brokers: (i) if Buyer's initial or any additional deposit is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or (ii) if either Buyer or Seller instruct Escrow Holder to cancel escrow.

    **D.** A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 2 business days after mutual execution of the amendment.

Buyer's Initials (_____)(_____)
Seller's Initials (_____)(_____)

Reviewed by _____ Date _____

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**RPA-CA REVISED 4/10 (PAGE 6 OF 8) Print Date**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 6 OF 8)**

Hemreck_GrassyR



25. **LIQUIDATED DAMAGES:** If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award. AT TIME OF THE INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION FOR ANY INCREASED DEPOSIT. (C.A.R. FORM RID).

| Buyer's Initials _____ / _____ | Seller's Initials _____ / _____ |
| --- | --- |

26. **DISPUTE RESOLUTION:**

   **A. MEDIATION:** Buyer and Seller agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action. Buyer and Seller also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. Exclusions from this mediation agreement are specified in paragraph 26C.

   **B. ARBITRATION OF DISPUTES:** Buyer and Seller agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. Buyer and Seller also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 26C.

   "**NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY.**"

   "**WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION.**"

| Buyer's Initials _____ / _____ | Seller's Initials _____ / _____ |
| --- | --- |

   **C. ADDITIONAL MEDIATION AND ARBITRATION TERMS:**

   (1) **EXCLUSIONS:** The following matters shall be excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation and arbitration provisions.

   (2) **BROKERS:** Brokers shall not be obligated or compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) participating in mediation or arbitration shall not be deemed a party to the Agreement.

27. **TERMS AND CONDITIONS OF OFFER:**
    This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all parties or if incorporated by mutual agreement in a counter offer or addendum. If at least one but not all parties initial such paragraph(s), a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

28. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the laws of the State of California. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.

Buyer's Initials ( _____ )( _____ )

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**RPA-CA REVISED 4/10 (PAGE 7 OF 8)**

Seller's Initials ( _____ )( _____ )

| Reviewed by _____ Date _____ |
| --- |

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 7 OF 8)**                    Hemreck_GrassyR

Property Address: 5301 Grassy Run Road
Placerville, CA  95667                                    Date: January 2, 2011

29. **EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit shall be returned unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by _Buyer's Agent, Carla Layton_ , who is authorized to receive it, by 5:00 PM on the third Day after this offer is signed by Buyer (or, if checked, ☒ by _____5:00_____ ☐ AM ☒ PM, on _January 4, 2011_ (date)).

Buyer has read and acknowledges receipt of a Copy of the offer and agrees to the above confirmation of agency relationships.

Date _1/2/11_                                                     Date _____

BUYER _Jennifer Hermreck_                                          BUYER _____

Jennifer Hermreck
**(Print name)**                                                   **(Print name)**
9211 Lomida Lane, Loomis CA 95650
**(Address)**

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

30. **ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, agrees to sell the Property on the above terms and conditions, and agrees to the above confirmation of agency relationships. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

☐ (If checked) SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form CO) DATED: _____ .

Date _____                                           Date _____

SELLER _____                                         SELLER _____

Thomas E. May, Trustee
**(Print name)**                                                   **(Print name)**

**(Address)**

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

(____/____) **CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was personally received by Buyer or Buyer's authorized
**(Initials)**      agent on (date) _____ at _____ ☐ AM ☐ PM. A binding Agreement is created when
a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement. It is solely intended to evidence the date that Confirmation of Acceptance has occurred.

| REAL ESTATE BROKERS: |
|---|
| A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller. |
| B. Agency relationships are confirmed as stated in paragraph 2. |
| C. If specified in paragraph 3A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit. |
| D. COOPERATING BROKER COMPENSATION: Listing Broker agrees to pay Cooperating Broker (Selling Firm) and Cooperating Broker agrees to accept, out of Listing Broker's proceeds in escrow: (i) the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or (ii) ☐ (if checked) the amount specified in a separate written agreement (C.A.R. Form CBC) between Listing Broker and Cooperating Broker. Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exits. |

Real Estate Broker (Selling Firm) _Coldwell Banker_                                    DRE Lic. # _00313415_
By _____  Carla Layton_  DRE Lic. # _01395619_  Date _1/2/11_
Address _1800 Sunset Blvd., Suite 190_  City _Rocklin_  State _CA_  Zip _95765_
Telephone _(916)580-8018_  Fax _(916)625-1020_  E-mail _carla.layton@cbnorcal.com_

Real Estate Broker (Listing Firm) _Lyon RE Cameron Park_                                DRE Lic. # _00182401_
By _____  Brenda Manginelli_  DRE Lic. # _00912180_  Date _____
Address _3360 Coach Lane_  City _Cameron Park_  State _CA_  Zip _95682_
Telephone _(530)306-0158_  Fax _(530)672-2341_  E-mail _bmanginelli@golyon.com_

| ESCROW HOLDER ACKNOWLEDGMENT: |
|---|
| Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked,☐ a deposit in the amount of $_____ ), counter offer numbered _____ , ☐ Seller's Statement of Information and ☐ Other _____ , and agrees to act as Escrow Holder subject to paragraph 24 of this Agreement, any supplemental escrow instructions and the terms of Escrow Holder's general provisions if any. |
| Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____ |
| Escrow Holder _____  Escrow # _____ |
| By _____  Date _____ |
| Address _____ |
| Phone/Fax/E-mail _____ |
| Escrow Holder is licensed by the California Department of ☐ Corporations,☐ Insurance, ☐ Real Estate. License # _____ |

| PRESENTATION OF OFFER: (_____) Listing Broker presented this offer to Seller on _____ (date). |
|---|
| Broker or Designee Initials |

| REJECTION OF OFFER: (_____)(_____) No counter offer is being made. This offer was rejected by Seller on _____ (date). |
|---|
| Seller's Initials |

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

(14)

| Reviewed by _____ |
|---|
| Broker or Designee _____  Date _____ |

REVISION DATE 4/10

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 8 OF 8)**

Hermreck_GrassyR



**CALIFORNIA ASSOCIATION OF REALTORS®**

# BUYER'S INSPECTION ADVISORY
(C.A.R. Form BIA-A, Revised 10/02)

Property Address: _5301 Grassy Run Road, Placerville  CA   95667_____ ("Property").

**A. IMPORTANCE OF PROPERTY INVESTIGATION:** The physical condition of the land and improvements being purchased is not guaranteed by either Seller or Brokers. For this reason, you should conduct thorough investigations of the Property personally and with professionals who should provide written reports of their investigations. A general physical inspection typically does not cover all aspects of the Property nor items affecting the Property that are not physically located on the Property. If the professionals recommend further investigations, including a recommendation by a pest control operator to inspect inaccessible areas of the Property, you should contact qualified experts to conduct such additional investigations.

**B. BUYER RIGHTS AND DUTIES:** You have an affirmative duty to exercise reasonable care to protect yourself, including discovery of the legal, practical and technical implications of disclosed facts, and the investigation and verification of information and facts that you know or that are within your diligent attention and observation. The purchase agreement gives you the right to investigate the Property. If you exercise this right, and you should, you must do so in accordance with the terms of that agreement. This is the best way for you to protect yourself. It is extremely important for you to read all written reports provided by professionals and to discuss the results of inspections with the professional who conducted the inspection. You have the right to request that Seller make repairs, corrections or take other action based upon items discovered in your investigations or disclosed by Seller. If Seller is unwilling or unable to satisfy your requests, or you do not want to purchase the Property in its disclosed and discovered condition, you have the right to cancel the agreement if you act within specific time periods. If you do not cancel the agreement in a timely and proper manner, you may be in breach of contract.

**C. SELLER RIGHTS AND DUTIES:** Seller is required to disclose to you material facts known to him/her that affect the value or desirability of the Property. However, Seller may not be aware of some Property defects or conditions. Seller does not have an obligation to inspect the Property for your benefit nor is Seller obligated to repair, correct or otherwise cure known defects that are disclosed to you or previously unknown defects that are discovered by you or your inspectors during escrow. The purchase agreement obligates Seller to make the Property available to you for investigations.

**D. BROKER OBLIGATIONS:** Brokers do not have expertise in all areas and therefore cannot advise you on many items, such as soil stability, geologic or environmental conditions, hazardous or illegal controlled substances, structural conditions of the foundation or other improvements, or the condition of the roof, plumbing, heating, air conditioning, electrical, sewer, septic, waste disposal, or other system. The only way to accurately determine the condition of the Property is through an inspection by an appropriate professional selected by you. If Broker gives you referrals to such professionals, Broker does not guarantee their performance. You may select any professional of your choosing. In sales involving residential dwellings with no more than four units, Brokers have a duty to make a diligent visual inspection of the accessible areas of the Property and to disclose the results of that inspection. However, as some Property defects or conditions may not be discoverable from a visual inspection, it is possible Brokers are not aware of them. If you have entered into a written agreement with a Broker, the specific terms of that agreement will determine the nature and extent of that Broker's duty to you. **YOU ARE STRONGLY ADVISED TO INVESTIGATE THE CONDITION AND SUITABILITY OF ALL ASPECTS OF THE PROPERTY. IF YOU DO NOT DO SO, YOU ARE ACTING AGAINST THE ADVICE OF BROKERS.**

**E. YOU ARE ADVISED TO CONDUCT INVESTIGATIONS OF THE ENTIRE PROPERTY, INCLUDING, BUT NOT LIMITED TO THE FOLLOWING:**

1. **GENERAL CONDITION OF THE PROPERTY, ITS SYSTEMS AND COMPONENTS:** Foundation, roof, plumbing, heating, air conditioning, electrical, mechanical, security, pool/spa, other structural and non-structural systems and components, fixtures, built-in appliances, any personal property included in the sale, and energy efficiency of the Property. (Structural engineers are best suited to determine possible design or construction defects, and whether improvements are structurally sound.)

2. **SQUARE FOOTAGE, AGE, BOUNDARIES:** Square footage, room dimensions, lot size, age of improvements and boundaries. Any numerical statements regarding these items are APPROXIMATIONS ONLY and have not been verified by Seller and cannot be verified by Brokers. Fences, hedges, walls, retaining walls and other natural or constructed barriers or markers do not necessarily identify true Property boundaries. (Professionals such as appraisers, architects, surveyors and civil engineers are best suited to determine square footage, dimensions and boundaries of the Property.)

3. **WOOD DESTROYING PESTS:** Presence of, or conditions likely to lead to the presence of wood destroying pests and organisms and other infestation or infection. Inspection reports covering these items can be separated into two sections: Section 1 identifies areas where infestation or infection is evident. Section 2 identifies areas where there are conditions likely to lead to infestation or infection. A registered structural pest control company is best suited to perform these inspections.

4. **SOIL STABILITY:** Existence of fill or compacted soil, expansive or contracting soil, susceptibility to slippage, settling or movement, and the adequacy of drainage. (Geotechnical engineers are best suited to determine such conditions, causes and remedies.)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

**BIA-A REVISED 10/02 (PAGE 1 OF 2)**

_(15)_

Buyer's Initials (_____)(_____)
Seller's Initials (_____)(_____)

Reviewed by _____ Date _____



## BUYER'S INSPECTION ADVISORY (BIA-A PAGE 1 OF 2)

Property Address: <u>5301 Grassy Run Road, Placerville  CA  95667</u>                    Date: <u>January 2, 2011</u>

5. **ROOF:** Present condition, age, leaks, and remaining useful life. (Roofing contractors are best suited to determine these conditions.)
6. **POOL/SPA:** Cracks, leaks or operational problems. (Pool contractors are best suited to determine these conditions.)
7. **WASTE DISPOSAL:** Type, size, adequacy, capacity and condition of sewer and septic systems and components, connection to sewer, and applicable fees.
8. **WATER AND UTILITES; WELL SYSTEMS AND COMPONENTS:** Water and utility availability, use restrictions and costs. Water quality, adequacy, condition, and performance of well systems and components.
9. **ENVIRONMENTAL HAZARDS:** Potential environmental hazards, including, but not limited to, asbestos, lead-based paint and other lead contamination, radon, methane, other gases, fuel oil or chemical storage tanks, contaminated soil or water, hazardous waste, waste disposal sites, electromagnetic fields, nuclear sources, and other substances, materials, products, or conditions (including mold (airborne, toxic or otherwise), fungus or similar contaminants). (For more information on these items, you may consult an appropriate professional or review the booklets "Environmental Hazards: A Guide for Homeowners, Buyers, Landlords and Tenants," "Protect Your Family From Lead in Your Home" or both.)
10. **EARTHQUAKES AND FLOODING:** Susceptibility of the Property to earthquake/seismic hazards and propensity of the Property to flood. (A Geologist or Geotechnical Engineer is best suited to provide information on these conditions.)
11. **FIRE, HAZARD AND OTHER INSURANCE:** The availability and cost of necessary or desired insurance may vary. The location of the Property in a seismic, flood or fire hazard zone, and other conditions, such as the age of the Property and the claims history of the Property and Buyer, may affect the availability and need for certain types of insurance. Buyer should explore insurance options early as this information may affect other decisions, including the removal of loan and inspection contingencies. (An insurance agent is best suited to provide information on these conditions.)
12. **BUILDING PERMITS, ZONING AND GOVERNMENTAL REQUIREMENTS:** Permits, inspections, certificates, zoning, other governmental limitations, restrictions, and requirements affecting the current or future use of the Property, its development or size. (Such information is available from appropriate governmental agencies and private information providers. Brokers are not qualified to review or interpret any such information.)
13. **RENTAL PROPERTY RESTRICTIONS:** Some cities and counties impose restrictions that limit the amount of rent that can be charged, the maximum number of occupants; and the right of a landlord to terminate a tenancy. Deadbolt or other locks and security systems for doors and windows, including window bars, should be examined to determine whether they satisfy legal requirements. (Government agencies can provide information about these restrictions and other requirements.)
14. **SECURITY AND SAFETY:** State and local Law may require the installation of barriers, access alarms, self-latching mechanisms and/or other measures to decrease the risk to children and other persons of existing swimming pools and hot tubs, as well as various fire safety and other measures concerning other features of the Property. Compliance requirements differ from city to city and county to county. Unless specifically agreed, the Property may not be in compliance with these requirements. (Local government agencies can provide information about these restrictions and other requirements.)
15. **NEIGHBORHOOD, AREA, SUBDIVISION CONDITIONS; PERSONAL FACTORS:** Neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, the proximity of registered felons or offenders, fire protection, other government services, availability, adequacy and cost of any speed-wired, wireless Internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, protected species, wetland properties, botanical diseases, historic or other governmentally protected sites or improvements, cemeteries, facilities and condition of common areas of common interest subdivisions, and possible lack of compliance with any governing documents or Homeowners' Association requirements, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Buyer.

---

Buyer and Seller acknowledge and agree that Broker: (i) Does not decide what price Buyer should pay or Seller should accept; (ii) Does not guarantee the condition of the Property; (iii) Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; (iv) Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; (v) Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; (vi) Shall not be responsible for inspecting public records or permits concerning the title or use of Property; (vii) Shall not be responsible for identifying the location of boundary lines or other items affecting title; (viii) Shall not be responsible for verifying square footage, representations of others or information contained in Investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; (ix) Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and (x) Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

---

**By signing below, Buyer and Seller each acknowledge that they have read, understand, accept and have received a Copy of this Advisory. Buyer is encouraged to read it carefully.**

_Jennifer Hemreck_ _____  1/2/11      _____  _____
Buyer Signature                       Date          Buyer Signature                    Date

_Thomas E. May, Trustee_ _____ 1/3/11          _____  _____
Seller Signature                      Date          Seller Signature                   Date
Thomas E. May, Trustee

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

( 16 )                    Reviewed by _____ Date _____

**BIA-A REVISED 10/02 (PAGE 2 OF 2)**

**BUYER'S INSPECTION ADVISORY (BIA-A PAGE 2 OF 2)**

Hemreck_GrassyR



**CALIFORNIA ASSOCIATION OF REALTORS®**

# SEPTIC INSPECTION, WELL INSPECTION, PROPERTY MONUMENT AND ALLOCATION OF COST ADDENDUM
### (C.A.R. Form SWPI, 11/08)

Property _____ **5301 Grassy Run Rd., Placerville, CA 95667** _____ Date **January 2, 2011**

The following terms and conditions are hereby incorporated in and made a part of the: [x] Residential Purchase Agreement, [ ] other
_____ , dated **January 2, 2011** , on property known as:
_____ **5301 Grassy Run Road, Placerville CA 95667** _____ "Property",

in which _____ **Jennifer Hermreck,** _____ is referred to as Buyer and
_____ **Thomas E. May, Trustee,** _____ is referred to as Seller.

## 1. SEPTIC INSPECTION AND ALLOCATION OF COST (CHECK ALL THAT APPLY):
**A. INSPECTION AND REPORT**
[ ] Buyer [x] Seller shall pay for septic system to be inspected and a report prepared by _____ **both septic systems** .
**B. LOCATION AND ACCESSING**
[ ] Buyer [x] Seller shall pay for locating, accessing and identifying septic system _____ **both septic systems** .
**C. PUMPING**
[ ] Buyer [x] Seller shall pay for pump and dump fees _____ **both septic systems** .
**D. CERTIFICATION**
[ ] Buyer [x] Seller shall pay for certification by _____ **both septic systems** _____ , a licensed contractor
or [ ] by the City/County of _____ .
**E. EXCAVATION**
[ ] Buyer [ ] Seller shall pay for excavation of _____ .
**F. OTHER**
[ ] Buyer [ ] Seller shall pay for _____

## 2. WELL INSPECTION AND ALLOCATION OF COST (CHECK ALL THAT APPLY):
**A. GOVERNMENT REPORT**
[ ] Seller shall provide to Buyer, if in Seller's possession, the State of California Well Completion Report issued by
_____ (local government agency). Whether or not Seller provides such
a report to Buyer, Seller authorizes the local government agency to release any such report, if available, to Buyer.
**B. DOMESTIC WELL(S) WATER PRODUCTIVITY**
[ ] Buyer [ ] Seller shall pay for well(s) productivity (Gallons Per Minute) testing provided by _____
_____ .
**C. BACTERIAL TESTING**
[ ] Buyer [ ] Seller shall pay for testing of bacteriological contaminants including fecal and coli from a chlorine free water sample(s)
provided by _____
**D. CHEMICAL/RADIOLOGICAL TESTING**
[ ] Buyer [ ] Seller shall pay for testing of chemical, inorganic, and organic radiological contaminants ( [ ] specifically including, but
not limited to, _____ ) provided by
_____ .
**E. OTHER**
[ ] Buyer [ ] Seller shall pay for _____

## 3. PROPERTY MONUMENT LOCATION AND ALLOCATION OF COST (CHECK ALL THAT APPLY):
**A. PROPERTY LINES/MONUMENTS**
[ ] Buyer [ ] Seller shall be responsible for identifying the location of Property corners and monuments.
**B. SURVEYOR**
[ ] Buyer [ ] Seller shall pay for the services of a licensed land surveyor to locate and identify [ ] Property corners
[ ] Property boundaries [ ]
**C. OTHER**
[ ] Buyer [ ] Seller shall pay for _____ .

By signing below, the undersigned acknowledge that each has read, understands, received a copy and agrees to the terms of
this Septic, Well Inspection, Property Monument and Allocation of Cost Addendum.

Date _1/2/11_       Date _1/3/11_
Buyer _Jennifer Hermreck_     Seller _Thomas E. May, Trustee_
Buyer _____     Seller _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other
means, including facsimile or computerized formats. Copyright © 2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY
OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE
TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark
which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

(17)

Reviewed by _____ Date _____

SWPI 11/08 (PAGE 1 OF 1)
**SEPTIC INSPECTION, WELL INSPECTION, PROPERTY MONUMENT AND ALLOCATION OF COST ADDENDUM**
**(SWPI PAGE 1 OF 1)**

Agent: **Carla Layton**   Phone: 916.580.8018   Fax: 916.625.1020   Prepared using zipForm® software
Broker: **Coldwell Banker Northern California 1000 Sunset Blvd., Suite 190 Rocklin, CA 95765**

JUN-02-2010 03:06PM    FROM-LYON CP 5306722341                    T-788  P.002/002  F-655

# CALIFORNIA ASSOCIATION OF REALTORS®

## ADDENDUM
(C.A.R. Form ADM, Revised 10/01)

No. __ONE__

The following terms and conditions are hereby incorporated in and made a part of the: ☒ Residential Purchase Agreement,
☐ Manufactured Home Purchase Agreement, ☐ Business Purchase Agreement, ☐ Residential Lease or Month-to-Month Rental
Agreement, ☐ Vacant Land Purchase Agreement, ☐ Residential Income Property Purchase Agreement, ☐ Commercial Property
Purchase Agreement, ☐ Other _____

dated __11/2/11__, on property known as __5303 GRASSY RUN ROAD__

in which __JENNIFER HEMRICK__
is referred to as ("Buyer/Tenant"),
and __THOMAS E. MAY, TRUSTEE__
is referred to as ("Seller/Landlord").

1. SALES IS SUBJECT TO U.S. BANKRUPTCY COURT APPROVAL AND POSSIBLE OVERBID.

2. UPON COURT APPROVAL, BUYER TO INCREASE THE DEPOSIT TO 5% OF THE PURCHASE PRICE. THIS
   DEPOSIT IS NON-REFUNDABLE. BUYER HAS NO CONTINGENCIES AFTER COURT APPROVAL.

3. IF BUYER IS OVERPAID, BUYER'S DEPOSIT WILL BE FULLY REFUNDED.

4. TRUSTEE IS EXEMPT FROM MOST SELLER DISCLOSURES INCLUDING THE TRANSFER DISCLOSURE
   STATEMENT AND THE SUPPLEMENTAL STATUTORY AND CONTRACTUAL DISCLOSURES. THE TRUSTEE HAS NO
   KNOWLEDGE OF THE PROPERTY.

5. TITLE AND ESCROW TO BE WITH KERRI DRROBBITS, OLD REPUBLIC TITLE.

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date __11/6/11__

Buyer/Tenant _____      Buyer/Tenant _____

Date __11/3/11__

Seller/Landlord __THOMAS E. MAY, TRUSTEE__       Seller/Landlord _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means,
including facsimile or computerized formats. Copyright © 1986-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR
ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE
TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark
which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Broker or Designee _____ Date _____

ADM-11 REVISED 10/01 (PAGE 1 OF 1)

ADDENDUM (ADM-11 PAGE 1 OF 1)

Broker: Lyon Real Estate, Cameron Park 3560 Coach Lane Cameron Park, CA 95682
Phone: 530.672.4500    Fax: 530.6722341
Agent: Brenda Manginelli    Prepared using zipForm® software



**STANFORD** MORTGAGE

A division of Pinnacle Capitol Mortgage
3017 Douglas Blvd. Suite 100
Roseville, California 95661
DOCML-813G819

January 1, 2011

Congratulations Jennifer Hemmreck!

Stanford Mortgage is pleased to inform you that you have been PRE-APPROVED for a home loan through a Direct Lender **Pinnacle Capitol Mortgage** dba Stanford Mortgage for the amount stated in the contract. Your file has been conditionally approved based upon a review of an acceptable credit report with 3 fico scores, verified bank statements with sufficient cash to close, completed application, verified employment as of the date of this letter, and a automated underwriter (DU) approval. This approval is for 120 days.

This is a conditional loan approval. Loan commitment and full approval is subject to conditions that include, without limit:

- Appraisal with sufficient value
- Funds deposited in to Escrow
- Preliminary Title Report

This PRE-APPROVAL letter is limited to the loan program and term stated below:

An **FHA** loan amount of $337,750 with a Purchase Price of $350,000 with a maximum interest rate of 5.000% fixed interest rate.

Thank you for selecting Stanford Mortgage for your home loan needs. We look forward to continuing to meet all your financial needs.

Sincerely,

Melissa Carson
Loan Consultant
916-718-2333 Cell
916-570-1619 Office
916-724-3519 E-Fax
mcarson@stanfordloans.com

(19)



JENNIFER M HERMRECK
WILLIAM D MADARA
9211 LOMIDA LN
LOOMIS, CA 95650

2440

90-7526/3211 720

Date 1/2/11

PAY TO THE
ORDER OF *Old Republic Title*                    $ *5,000.00*

*Five thousand & 00/100*                          Dollars

The Golden 1 Credit Union
11th & J
PO BOX 15966 SACRAMENTO, CA 95852-0966

For *5301 Grassy Run Rd*

⑆3211752611⑆ 006921160211 2440

California's Leading Credit Union™

*Jennifer Hermreck*

(20)


CALIFORNIA
ASSOCIATION
OF REALTORS*

# COUNTER OFFER No. _ONE_
For use by Seller or Buyer. May be used for Multiple Counter Offer.
(C.A.R. Form CO, Revised 11/10)

Date _January 4, 2011_

This is a counter offer to the: ☒ California Residential Purchase Agreement, ☐ Counter Offer, or ☐ Other _____ ("Offer"),
dated _January 2, 2011_ , on property known as _5301 GRASSY RUN ROAD_ ("Property"),
between _JENNIFER HERMRECK_ ("Buyer") and
_THOMAS E. MAY, TRUSTEE_ ("Seller").

1.  **TERMS:** The terms and conditions of the above referenced document are accepted subject to the following:
    A.  Paragraphs in the Offer that require initials by all parties, but are not initialed by all parties, are excluded from the final agreement unless specifically referenced for inclusion in paragraph 1C of this or another Counter Offer.
    B.  Unless otherwise agreed in writing, down payment and loan amount(s) will be adjusted in the same proportion as in the original Offer.
    C.  _SALES PRICE TO BE $395,000._
        _ESCROW AND TITLE FEES TO BE SPLIT ONE-HALF EACH BUYER AND SELLER._
        _BUYER TO PAY FOR HOME WARRANTY._
        _SELLER WILL REFUND UP TO $500 COST OF INSPECTIONS ONLY TO BUYER IN THE EVENT OF_
        _OVERBID._
        _BUYER TO PAY FOR COST OF BOTH SEPTIC SYSTEMS INSPECTIONS, PUMPING AND CERTIFICATION._

    D.  The following attached addenda are incorporated into this Counter Offer:  ☒ Addendum No. _ONE_
        ☐ _____  ☐ _____

2.  **RIGHT TO ACCEPT OTHER OFFERS:** If this is a Seller Counter Offer, (i) Seller has the right to continue to offer the Property for sale or for another transaction, and to accept any other offer at any time prior to Acceptance, as described in paragraph 3 and (ii) Seller's acceptance of another offer prior to Buyer's Acceptance of this Counter Offer, shall revoke this Counter Offer.

3.  **EXPIRATION:** This Counter Offer shall be deemed revoked and the deposits, if any, shall be returned unless this Counter Offer is signed by the Buyer or Seller to whom it is sent and a Copy of the signed Counter Offer is personally received by the person making this Counter Offer or by
    _BRENDA MANGINELLI_ , who is authorized to receive
    it, by 5:00 PM on the third Day After the later date in paragraph 5 or, (if checked) by ☐ _____ (date), at
    ☐ AM ☐ PM. This Counter Offer may be executed in counterparts.

4.  ☐ (if checked): **MULTIPLE COUNTER OFFER:** Seller is making a Counter Offer(s) to another prospective buyer(s) on terms that may or may not be the same as in this Counter Offer. Acceptance of this Counter Offer by Buyer shall not be binding unless and until it is subsequently re-Signed by Seller in paragraph 7 below and a Copy of the Counter Offer Signed in paragraph 7 is personally received by Buyer or by
    _____ , who is authorized to receive it, by 5:00 PM
    on the third Day After the later date specified in paragraph 5 or, (if checked) by ☐ _____ (date), at
    _____ ☐ AM ☐ PM. Prior to the completion of all of these events, Buyer and Seller shall have no duties or obligations for the purchase or sale of the Property. **NOTE TO SELLER:** Sign and date in paragraph 5 to make this Counter Offer.

5.  **OFFER:** ☐ BUYER OR ☒ SELLER MAKES THIS COUNTER OFFER ON THE TERMS ABOVE AND ACKNOWLEDGES RECEIPT OF A COPY.
    _____ Date _____
    _THOMAS E. MAY, TRUSTEE_ Date _January 7, 2011_

6.  **ACCEPTANCE:** I/WE accept the above Counter Offer (if checked ☐ SUBJECT TO THE ATTACHED COUNTER OFFER) and acknowledge receipt of a Copy.
    _____ Date _____ Time _____ ☐ AM ☐ PM
    _____ Date _____ Time _____ ☐ AM ☐ PM

7.  **MULTIPLE COUNTER OFFER SIGNATURE LINE:** By signing below, Seller accepts this Multiple Counter Offer.
    **NOTE TO SELLER:** Do NOT sign in this box until after Buyer signs in paragraph 6. (Paragraph 7 applies only if paragraph 4 is checked.)
    _____ Date _____ Time _____ ☐ AM ☐ PM
    _____ Date _____ Time _____ ☐ AM ☐ PM

8.  (_____ / _____) (Initials) **Confirmation of Acceptance:** A Copy of Signed Acceptance was personally received by the maker of the Counter Offer, or that person's authorized agent as specified in paragraph 3 (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent as specified in paragraph 4) on (date) _____ at _____ ☐ AM ☐ PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by the maker of the Counter Offer, or that person's authorized agent (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent) whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Acceptance has occurred.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1986-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

(21)

Reviewed by _____ Date _____

**CO REVISED 11/10 (PAGE 1 OF 1)**

## COUNTER OFFER (CO PAGE 1 OF 1)

| Agent: Brenda Manginelli | Phone: 530.672.4500 4503 | Fax: 530.672.2341 | Prepared using zipForm® software |
|---|---|---|---|
| Broker: Lyon Real Estate, Cameron Park 3360 Coach Lane Cameron Park, CA 95682 | | | |



# COUNTER OFFER No. 3

**CALIFORNIA ASSOCIATION OF REALTORS®**

For use by Seller or Buyer. May be used for Multiple Counter Offer.
(C.A.R. Form CO, Revised 11/10)

Date _____ JANUARY 8, 2011 _____

This is a counter offer to the: ☐ California Residential Purchase Agreement, ☒ Counter Offer, or ☐ Other _____ ("Offer"),
dated _____ , on property known as _____ 5301 GRASSY RUN ROAD _____ ("Property"),
between _____ JENNIFER SEDGWICK _____ ("Buyer") and
_____ THOMAS E. MAY, TRUSTEE _____ ("Seller").

1. **TERMS:** The terms and conditions of the above referenced document are accepted subject to the following:
   A. Paragraphs in the Offer that require initials by all parties, but are not initialed by all parties, are excluded from the final agreement unless specifically referenced for inclusion in paragraph 1C of this or another Counter Offer.
   B. Unless otherwise agreed in writing, down payment and loan amount(s) will be adjusted in the same proportion as in the original Offer.
   C. *1. SELLER WILL CREDIT BUYER $2,000.00 AT CLOSE OF ESCROW TOWARDS CLOSING COSTS, NOT 3% OF SALES PRICE.*
   *2. SELLER WILL ONLY CREDIT COST OF INSPECTIONS, CERTIFICATIONS AND PUMPING OF BOTH SEPTIC SYSTEMS TO BUYER AT CLOSE OF ESCROW.*

   D. The following attached addenda are incorporated into this Counter Offer: ☐ Addendum No. _____
   ☐ ☐ ☐

2. **RIGHT TO ACCEPT OTHER OFFERS:** If this is a Seller Counter Offer, (i) Seller has the right to continue to offer the Property for sale or for another transaction, and to accept any other offer at any time prior to Acceptance, as described in paragraph 3 and (ii) Seller's acceptance of another offer prior to Buyer's Acceptance of this Counter Offer, shall revoke this Counter Offer.

3. **EXPIRATION:** This Counter Offer shall be deemed revoked and the deposits, if any, shall be returned unless this Counter Offer is signed by the Buyer or Seller to whom it is sent and a Copy of the signed Counter Offer is personally received by the person making this Counter Offer or by _____ BRENDA MANGINELLI _____ , who is authorized to receive
   it, by 5:00 PM on the third Day After the later date specified in paragraph 8 or, (if checked) ☒ _____ January 10, 2011 _____ (date), at _____ 5:00 _____ ☐ AM ☒ PM. This Counter Offer may be executed in counterparts.

4. ☐ (if checked) **MULTIPLE COUNTER OFFER:** Seller is making a Counter Offer(s) to another prospective buyer(s) on terms that may or may not be the same as in this Counter Offer. Acceptance of this Counter Offer by Buyer shall not be binding unless and until it is subsequently re-signed by Seller in paragraph 7 below and a Copy of the Counter Offer Signed in paragraph 7 is personally received by Buyer or by _____ , who is authorized to receive it, by 5:00 PM
   on the third Day After the later date specified in paragraph 6 or, (if checked) ☐ _____ (date), at _____ ☐ AM ☐ PM. Prior to the completion of all of these events, Buyer and Seller shall have no duties or obligations for the purchase or sale of the Property. **NOTE TO SELLER:** Sign and date in paragraph 5 to make this Counter Offer.

5. **OFFER:** ☐ BUYER OR ☒ SELLER MAKES THIS COUNTER OFFER ON THE TERMS ABOVE AND ACKNOWLEDGES RECEIPT OF A COPY.
   *Thomas Trustee* Date _____ 1/8/11 _____
   Date _____

6. **ACCEPTANCE:** I/WE accept the above Counter Offer (if checked ☐ **SUBJECT TO THE ATTACHED COUNTER OFFER**) and acknowledge receipt of a Copy.
   *Jennifer Sedgwick* Date _____ 1/8/11 _____ Time _____ 6:27 _____ ☐ AM ☒ PM
   Date _____ Time _____ ☐ AM ☐ PM

7. **MULTIPLE COUNTER OFFER SIGNATURE LINE:** By signing below, Seller accepts this Multiple Counter Offer.
   **NOTE TO SELLER:** Do NOT sign in this box until after Buyer signs in paragraph 6. (Paragraph 7 applies only if paragraph 4 is checked.)
   Date _____ Time _____ ☐ AM ☐ PM
   Date _____ Time _____ ☐ AM ☐ PM

8. ( _____ / _____ ) (Initials) **Confirmation of Acceptance** A Copy of Signed Acceptance was personally received by the maker of the Counter Offer, or that person's authorized agent as specified in paragraph 3 (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent as specified in paragraph 4) on (date) _____ at _____ ☐ AM ☐ PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by the the maker of the Counter Offer, or that person's authorized agent (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent) whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Acceptance has occurred.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1986-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

**CO REVISED 11/10 (PAGE 1 OF 1)**

## COUNTER OFFER (CO PAGE 1 OF 1)

Agent: Brenda Manginelli   Phone: 530.672.4800 4603   Fax: 530.672.3341   Prepared using zipForm® software
Broker: Lyon Real Estate, Cameron Park 3380 Coach Lane Cameron Park, CA 95682

(22)



**CALIFORNIA ASSOCIATION OF REALTORS®**

# COUNTER OFFER No. 3
### For use by Seller or Buyer. May be used for Multiple Counter Offer.
### (C.A.R. Form CO, Revised 11/10)

Date __January 8, 2011__

This is a counter offer to the: ☐ California Residential Purchase Agreement, ☒ Counter Offer, or ☐ Other _____ ("Offer"),
dated _____, on property known as __5301 GRASSY RUN ROAD__ ("Property")
between __JENNIFER HERMRECK__ ("Buyer") and
__THOMAS E. MAY, TRUSTEE,__ ("Seller").

1. **TERMS:** The terms and conditions of the above referenced document are accepted subject to the following:
   A. Paragraphs in the Offer that require initials by all parties, but are not initialed by all parties, are excluded from the final agreement unless specifically referenced for inclusion in paragraph 1C of this or another Counter Offer.
   B. Unless otherwise agreed in writing, down payment and loan amount(s) will be adjusted in the same proportion as in the original Offer.
   C. _1. SELLER WILL CREDIT BUYER $2,000.00 AT CLOSE OF ESCROW TOWARDS CLOSING COSTS, NOT_
   _3% OF SALES PRICE._
   _2. SELLER WILL ONLY CREDIT COST OF INSPECTIONS, CERTIFICATIONS AND PUMPING OF BOTH_
   _SEPTIC SYSTEMS TO BUYER AT CLOSE OF ESCROW._
   _____
   _____
   _____

   D. The following attached addenda are incorporated into this Counter Offer: ☐ Addendum No. _____

2. **RIGHT TO ACCEPT OTHER OFFERS:** If this is a Seller Counter Offer, (i) Seller has the right to continue to offer the Property for sale or for another transaction, and to accept any other offer at any time prior to Acceptance, as described in paragraph 3 and (ii) Seller's acceptance of another offer prior to Buyer's Acceptance of this Counter Offer, shall revoke this Counter Offer.

3. **EXPIRATION:** This Counter Offer shall be deemed revoked and the deposits, if any, shall be returned unless this Counter Offer is signed by the Buyer or Seller to whom it is sent and a Copy of the signed Counter Offer is personally received by the person making this Counter Offer or by __BRENDA MANGINELLI__, who is authorized to receive it, by 5:00 PM on the third Day After the later date specified in paragraph 5 or, (if checked) by ☒ on __January 10, 2011__ (date), at __5:00__ ☐ AM ☒ PM. This Counter Offer may be executed in counterparts.

4. ☐ **(If checked:) MULTIPLE COUNTER OFFER:** Seller is making a Counter Offer(s) to another prospective buyer(s) on terms that may or may not be the same as in this Counter Offer. Acceptance of this Counter Offer by Buyer shall not be binding unless and until it is subsequently re-Signed by Seller in paragraph 7 below and a Copy of the Counter Offer Signed in paragraph 7 is personally received by Buyer or by _____, who is authorized to receive it, by 5:00 PM on the third Day After the later date specified in paragraph 5 or, (if checked) by _____ (date), at _____ ☐ AM ☐ PM. Prior to the completion of all of these events, Buyer and Seller shall have no duties or obligations for the purchase or sale of the Property. **NOTE TO SELLER:** Sign and date in paragraph 5 to make this Counter Offer.

5. **OFFER:** ☐ BUYER OR ☒ SELLER MAKES THIS COUNTER OFFER ON THE TERMS ABOVE AND ACKNOWLEDGES RECEIPT OF A COPY.

   __THOMAS E. MAY, TRUSTEE__ _(signature)_ Date __1/8/11__

6. **ACCEPTANCE:** I/WE accept the above Counter Offer (If checked ☐ SUBJECT TO THE ATTACHED COUNTER OFFER) and acknowledge receipt of a Copy.
   Date _____ Time _____ ☐ AM ☐ PM
   Date _____ Time _____ ☐ AM ☐ PM

7. **MULTIPLE COUNTER OFFER SIGNATURE LINE:** By signing below, Seller accepts this Multiple Counter Offer. **NOTE TO SELLER:** Do NOT sign in this box until after Buyer signs in paragraph 6. (Paragraph 7 applies only if paragraph 4 is checked.)
   Date _____ Time _____ ☐ AM ☐ PM
   Date _____ Time _____ ☐ AM ☐ PM

8. ( ____/____ ) (Initials) **Confirmation of Acceptance:** A Copy of Signed Acceptance was personally received by the maker of the Counter Offer, or that person's authorized agent as specified in paragraph 3 (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent as specified in paragraph 4) on (date) _____ at _____ ☐ AM ☐ PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by the the maker of the Counter Offer, or that person's authorized agent (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent) whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Acceptance has occurred.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1986-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

CO REVISED 11/10 (PAGE 1 OF 1)

## COUNTER OFFER (CO PAGE 1 OF 1)

Prepared using zipForm® software

Agent: Brenda Manginelli    Phone: 530.872.4500 4503    Fax:530.672.2341
Broker: Lynn Real Estate, Camarca Park 3380 Coach Lane Camarca Park, CA 95682

_(23)_